IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES J. BURRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-1053-DRH |
| ) | |
| ILLINOIS CENTRAL RAILROAD COMPANY, ) | **PLAINTIFF DEMANDS** |
| d/b/a, CN/IC, ) | **TRIAL BY JURY** |
| ) | |
| Defendant. ) | |

## COMPLAINT

### COUNT I
(Federal Employers' Liability Act)
(Negligence - Repetitive Trauma)

COMES NOW the Plaintiff, JAMES J. BURRIS, by and through his attorneys, Kujawski & Nowak, P.C., and for Count I of his Complaint against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, d/b/a, CN/IC,[Hereinafter CN/IC], states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A, Sections 51-60, as hereinafter more fully shown.

2. That at all times mentioned herein, the Defendant, CN/IC, was a corporation and was controlled, operated and maintained in interstate commerce, and in transporting interstate commerce between various states.

3. That beginning on or about September 1, 1971 and continuing up to February 9, 2005, and at all times mentioned herein, the Plaintiff, JAMES J. BURRIS, was an employee of Defendant, CN/IC, a corporation.

4. That at all times mentioned herein all or part of the duties of the Plaintiff as

1

such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

5. That during the time that Plaintiff was employed by this Defendant as a trainman and while in the performance of his duties worked for many years in and around East St. Louis, Illinois.

6. That during Plaintiff's employment with the Defendant, Plaintiff was routinely exposed to improperly maintained switches, improperly maintained track, improperly maintained ties, improperly maintained ballast, vibrating engine seats, vibrating engine locomotives, and slack action and was required to climb on and off of Defendant's locomotives and cars on a repetitive continuing basis that resulted in his exposure to continuing and cumulative trauma to various parts of his body including but not limited to his low back and spine, and lower extremities.

7. That at all times relevant herein, the Defendant, by and through its agents, servants and employees, committed one or more of the following negligent acts or omissions to wit:

    (a) Failed to provide Plaintiff with a reasonably safe place in which to work;

    (b) Failed to provide Plaintiff with proper supervision and instruction;

    (c) Failed to warn Plaintiff of the dangers and hazards of being exposed to repetitive trauma while riding a locomotive engine;

    (d) Assigned Plaintiff to do physical tasks beyond his physical capability;

    (e) Assigned Plaintiff to work upon locomotive engine seats that vibrated and transmitted shocks and forces to his body, back, and spine;

    (f) Exposed Plaintiff to repeated slack action while riding on locomotive engines;

    (g) Failed to upgrade and repair its locomotive seats;

  (h)  Failed to inspect and maintain its locomotive seats to reduce the transmission of shock and trauma to Plaintiff's body;

  (i)  Failed to institute a retention policy mandating that all defective locomotive seats be kept for inspection;

  (j)  Failed to maintain and replace seats on its locomotives;

  (k)  Failed to inspect, maintain and/or repair the track upon which the Plaintiff was required to work;

  (l)  Failed to inspect, maintain and/or repair the railroad ties upon which the Plaintiff was required to work;

  (m)  Failed to inspect, maintain and/or repair the ballast upon which the Plaintiff was required to work;

  (n)  Failed to inspect, maintain and/or repair the switches which Plaintiff was required to operate; and

  (o)  Required Plaintiff to climb on and off moving equipment;

  (p)  Violated 49 C.F.R. Section 213.33 in that Defendant failed to keep the drainage area of its roadbeds free of obstruction;

  (q)  Violated 49 C.F.R. Section 213.103 in that Defendant failed to provide adequate drainage to support its track and failed to maintain proper track crosslevel, surface, and alignment;

  (r)  Violated 49 C.F.R. Section 213.233 in that Defendant failed to make inspections as set forth in this section;

  (s)  Violated 49 C.F.R. Section 213.241 in retaining the inspection records of its tracks and ballast; and

  (t)  Allowed the unsafe practice to become the common practice.

  8.  That Plaintiff was not aware of his true medical condition until within three years of the filing of this action.

  9.  That as a direct and proximate result in whole or in part, of one or more of the above and foregoing negligent acts or omissions on the part of the Defendant, the Plaintiff was exposed to cumulative and repetitive trauma, causing him to sustain severe and permanent injuries to the muscles, tendons, ligaments, bones and nerves of his back, spine, lower extremities, knees, and feet; that he has sustained pain and suffering in the

past and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual gainful occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment, and services; that he has sustained a permanent impairment of his enjoyment of life, all to the Plaintiff's damage.

WHEREFORE, the Plaintiff, JAMES J. BURRIS, prays judgment against the Defendant, CN/IC, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, plus costs of this suit, plus pre-judgment interest.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**COUNT II**
**(Federal Employers' Liability Act)**
**(Repetitive Trauma - Boiler Inspection Act)**

COMES NOW the Plaintiff, JAMES J. BURRIS, by and through his attorneys, Kujawski & Nowak, P.C., and for Count II of his Complaint against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, d/b/a, CN/IC,[Hereinafter CN/IC], states as follows:

1. That the jurisdiction of the Court is based upon an Act of Congress of the United States, being the Boiler Inspection Act, 49 U.S.C.A., Sections 20701 et seq., as hereinafter more fully shown.

2. Plaintiff repeats and realleges Paragraphs 2-6 of Count I as and for Paragraphs 2-6 of this Count II.

7. That the Defendant, CN/IC, by and through its duly authorized agents, servants, and employees at said time and place violated the aforesaid act in that it failed to provide the Plaintiff with a locomotive and its appurtenances which were in proper condition and safe to operate in the service to which it was put by committing one or more of the following acts or omissions in violation of the act, to wit:

    (a) Failed to securely mount and brace its cab seats;

    (b) Violated 49 C.F.R. Section 229.119 in that Defendant failed to securely mount and brace its cab seats;

    (c) Violated 49 C.F.R. Section 229.45 in that Defendant failed to provide locomotive components free of conditions that endanger the safety of the crew in that Defendant's cab seat and components contain cracks, breaks, excessive wear and other structural infirmities;

    (d) Failed to provide a locomotive seat designed for the purpose of reducing shock and physical forces to the Plaintiff; and

    (e) Failed to properly inspect and test its locomotive as required by 49 C.F.R. Subpart B (Sections 229.21-229.33)

8. That Plaintiff was not aware of his true medical condition until within three years of the filing of this Petition.

9. That as a direct and proximate result in whole or in part, of one or more of the above and foregoing acts or omissions on the part of the Defendant, the Plaintiff was exposed to cumulative and repetitive trauma, causing him to sustain severe and permanent injuries to the muscles, tendons, ligaments, bones and nerves of his back, spine, lower extremities, knees, and feet; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of

said injuries; that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual gainful occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment, and services; that he has sustained a permanent impairment of his enjoyment of life, all to the Plaintiff's damage.

WHEREFORE, the Plaintiff, JAMES J. BURRIS, prays judgment against the Defendant, CN/IC, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, plus costs of this suit, plus pre-judgment interest.

## COUNT III
### (Federal Employers' Liability Act)
### (Negligence)

COMES NOW the Plaintiff, JAMES J. BURRIS, by and through his attorneys, Kujawski & Nowak, P.C., and for his Complaint against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, d/b/a, CN/IC, [Hereinafter CN/IC] states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A, Sections 51-60, as hereinafter more fully shown.

2. That at all times mentioned herein, the Defendant, CN/IC, was a corporation and was controlled, operated and maintained in interstate commerce, and in transporting interstate commerce between various states.

3. That on or about February 9, 2005, and at all times mentioned herein, the

Plaintiff, JAMES J. BURRIS, was an employee of Defendant, CN/IC, a corporation.

4. That at all times mentioned herein all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

5. That on or about February 9, 2005, or on a date known more certainly to the Defendant, the Plaintiff was employed by the Defendant as a conductor, and while in the performance of his duties as a conductor, was injured while working in Defendant's rail "run around" yard in Decatur, Illinois.

6. That on or about the above-said date, Plaintiff was employed by the Defendant as a conductor and while in the performance of his duty as a conductor, was walking in Defendant's "run around" yard while in the process going to line a switch.

7. That at said time and place the Defendant, by and through its agents, servants and employees, negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

    (a) Failed to furnish Plaintiff with a reasonably safe place in which to work;

    (b) Failed to provide Plaintiff with a safe method of work;

    (c) Failed to properly inspect its tracks, ties, rails and/or yards for debris and foreign substances;

    (d) Failed to remove debris and foreign substances from its rail yard;

    (e) Failed to properly maintain its rail yard so as to eliminate slipping hazards;

    (f) Violated 49 C.F.R. Section 213.33 in that Defendant failed to keep the drainage area of its roadbeds free of obstruction;

    (g) Violated 49 C.F.R. Section 213.103 in that Defendant failed to provide adequate drainage to support its track and failed to maintain proper track crosslevel, surface, and alignment;

    (h) Violated 49 C.F.R. Section 213.233 in that Defendant failed to make

    inspections as set forth in this section;

  (i)  Violated 49 C.F.R. Section 213.241 in retaining the inspection records of its tracks and ballast;

  (j)  Allowed unsafe practices to become the common practice.

8.  That as a direct and proximate result in whole or in part, of one or more of the above and foregoing negligent acts or omissions on the part of the Defendant, the Plaintiff was injured while going to line a switch in Defendant's "run around" yard, he was caused to slip while going to line a switch causing Plaintiff to injure his back and lower extremities and/or aggravate pre-existing conditions causing the Plaintiff severe and permanent injuries to wit:  injuries to the muscles, tendons, ligaments, nerves, soft tissues and bones of the back and lower extremities; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual gainful occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment, and services; that he has sustained a permanent impairment of his enjoyment of life, all to the Plaintiff's damage.

  WHEREFORE, the Plaintiff, JAMES J. BURRIS, prays judgment against the Defendant, CN/IC, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, plus costs of this suit, plus pre-judgment interest.

**PLAINTIFF DEMANDS TRIAL BY JURY**

      **KUJAWSKI & NOWAK, P.C.**

By: *s/John P. Kujawski*
   **JOHN P. KUJAWSKI, #3128922**
   1331 Park Plaza Drive, Suite 2
   O'Fallon, Illinois  62269-1764
   Telephone:  (618) 622-3600
   Facsimile:    (618) 622-3700
   **ATTORNEYS FOR  PLAINTIFF.**